GUMLING IMPORTING CO. (W. J. BYRNES & CO.) v. UNITED STATES

No. 4676.—Invoice dated Canton, China, July 29, 1937.
Entered at San Francisco, Calif., August 24, 1937.
Entry No. 2372.

(Decided November 8, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

KEEFE, Judge: This appeal for a reappraisement involves certain Chinese straw mats. The currency of the units of value as invoiced and entered is the Canton paper dollar. Upon the invoice there appears a notation in red ink—"App in Hong Kong $." The notation is not initialed by an examiner and it does not appear who wrote the same upon the invoice. However article 776 of the Customs Regulations of 1937 provides in subdivision (s) "All official reports of examiners shall be in red ink." The "Summary of Entered Value, Examination, and Appraisement" on Customs Form 6417 shows that

the merchandise was invoiced in Canton currency; that nondutiable charges were deducted and that the entered value in Canton currency is noted. The appraiser certifies that the merchandise was examined on October 5, 1937, and indicated by the means of check marks that there was no change in the entered value, classifications, quantities, or dutiable charges. When the return of the appraiser came before the collector for action, the statement upon the invoice that the appraisement was in Hong Kong dollars was noted and a notice was mailed to the importer that there had been an advance in value of 48 per centum.

At the trial it was stipulated and agreed between counsel for the importer and the Government that the red-ink notation upon the invoice above referred to was placed there in error by some employee in the appraiser's office.

In view of the agreed statement of facts, I find that the entered value of the merchandise correctly represents the foreign value thereof. Judgment will therefore be entered accordingly.